UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMINE JAMES PRINZO,<br><br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　Defendant. | 25-CV-6595 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Louisville, Kentucky, brings this *pro se* action under the court's federal question jurisdiction, asserting that the United States Department of Health and Human Services ("HHS") violated provisions of the Administrative Procedures Act. Because Plaintiff also alleges that HHS violated his constitutional rights, the Court construes the complaint as asserting a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff's claims arise out of child support proceedings held in the Jefferson County Family Court in Louisville, Kentucky. (ECF 1 at 2.) For the following reasons, this action is transferred to the United States District Court for the Western District of Kentucky.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a *Bivens* action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(e), APA claims brought against a federal agency may be brought in any judicial district in which:

(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

Section 1391(e)(1).

Plaintiff, a Louisville resident, alleges that Defendant violated his constitutional rights, and provisions of the APA, in connection with child support proceedings occurring in Louisville. Plaintiff alleges no facts showing why this Court is a proper venue for this action.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Louisville, Kentucky, in Jefferson County, which falls within the Western District of Kentucky.[1] 28 U.S.C. § 97(b). Accordingly, venue lies in the Western District of Kentucky, *see* Sections 1391(b)(2) and 1391(e)(1)(B), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Kentucky, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Kentucky. All outstanding matters, including Plaintiff's application to proceed further without prepayment of fees and motions for injunctive relief, are determinations to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

---

[1] The Court notes that Plaintiff recently filed an earlier federal lawsuit in that court in connection with the same child support proceedings. *See Prinzo v. Kentucky Child Support Enf. Div.*, No. 25-CV-00453 (W.D. Ky. August 4, 2025) (dismissing matter under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 12, 2025
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge